# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ERIKA BOYER, as Personal Representative of the Estate of RAYMOND HOWELL, | \* \* \* \* | |
| | \* | No. 16-1203V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: December 18, 2018 |
| | \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* | Stipulation; influenza ("flu") vaccine; Guillain-Barré syndrome ("GBS") |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

Howard S. Gold, Gold Law Firm, LLC, for Petitioner;
Althea W. Davis, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On December 13, 2018, the parties filed a joint stipulation concerning the petition for compensation filed by Raymond Howell on July 15, 2016, which was continued by Erika Boyer on Mr. Howell's behalf after his passing. The petition alleged that the influenza ("flu") vaccine Mr. Howell received on December 16, 2014, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome. Petitioner further alleges that Mr. Howell suffered the residual effects of this injury for more than six months. Petitioner does not claim that the vaccine caused Mr. Howell's death on July 14, 2017, and stipulation states that he died due to coronary artery disease,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

diabetes mellitus, and hydrocephalus.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Howell's behalf as a result of his condition.

Respondent denies that the influenza vaccine caused Mr. Howell to suffer Guillain-Barré syndrome, any other injury, or death.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $10,000.00 in the form of a check payable to petitioner as the legal representative of the Estate of Raymond Howell. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-1203V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.